**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**FEDEX CUSTOMER INFORMATION,**

                         **Plaintiff,**                **REPORT AND**
                                                                 **RECOMMENDATION**
     **-against-**

                                                                 **09-CV-4833 (DLI)**

**HIWAY COURIER AND TRUCKING INC.,**

                         **Defendant.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Plaintiff FedEx Customer Information Services, Inc. ("plaintiff" or "FedEx") commenced this diversity action on November 5, 2009, against Hiway Courier and Trucking Inc. ("defendant" or "Hiway Courier"), seeking $172,368.64 for unpaid transportation services and associated collection fees. On April 6, 2010, plaintiff moved for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and the Clerk of the Court entered a notation of default against defendant several dayss later. In an order dated April 9, 2010, the Honorable Dora L. Irizarry referred the calculation of damages to the undersigned magistrate judge. For the reasons that follow, this Court respectfully recommends that judgment be entered against defendant in the amount of $137,894.91, plus interest and costs.

## FACTUAL BACKGROUND

       FedEx is a Delaware corporation with its principal place of business in Memphis, Tennessee. Compl. ¶ 3, ECF Docket Entry ("D.E.") #1. Defendant Hiway Courier is a New York corporation with its principal place of business in Long Island City, New York. Id. ¶ 4.

Plaintiff alleges that it provided transportation services to defendant, picking up and transporting packages, letters, and documents at defendant's request, and that defendant failed to pay for those transportation services. Compl. ¶¶ 5-9. In support of its allegations, plaintiff submitted a Statement of Account listing invoices totaling $137,894.91. See Second Motion for Default (Apr. 28, 2010) ("Second Motion"), Ex. A, D.E. #9. Initially, plaintiff also requested collection fees totaling $34,473.73. See First Motion for Default (Apr. 6, 2010), Ex. A at 2, D.E. #3. After this Court ordered plaintiff to supplement its submission to explain the basis and calculation of the collection fees, see Order (Apr. 9, 2010), D.E. #5, plaintiff withdrew its request for collection fees. See Plaintiff's Letter to the Court (Apr. 28, 2010), D.E. #9. Accordingly, plaintiff now requests $137,894.91, plus prejudgment interest calculated at the rate of nine percent per annum, as well as costs in the amount of $440.00.[1] See Second Motion.

## DISCUSSION

The decision whether to grant a default judgment is left to sound judicial discretion. See Shah v. N.Y.S. Dep't of Civil Service, 168 F.3d 610, 615 (2d Cir. 1999); Briarpatch Ltd. v. Geisler Roberdeau, Inc., 513 F.Supp.2d 1, 3 (S.D.N.Y. 2007). In considering whether to enter a default judgment against an absentee party, the Court must first determine whether service of process has been properly effectuated upon the defaulting defendant and, if so, whether the unchallenged facts alleged in the complaint state a legitimate cause of action. See, e.g., Kee v. Hasty, No. 01 Civ. 2123 (KMW) (DF), 2004 WL 807071, at *4 (S.D.N.Y. Apr.

---

[1] As of October 30, 2009, plaintiff calculated the prejudgment interest as totaling $15,776.69. See Second Motion.

14, 2004) (quoting 10A Wright, Miller & Kane, <u>Federal Practice and Procedure: Civil 3d</u> § 2682, at 14 (3d ed. 1998)).

**I. Service of Process**

In federal actions, service upon a corporation may be effectuated in a manner authorized under state law, <u>see</u> Fed. R. Civ. P. 4(h) (citing Fed. R. Civ. P. 4(e)(1)), or by delivering a copy of the summons and complaint "to an officer, a managing or general agent, <u>or any other agent authorized by appointment or by law</u> to receive service of process and - - if the agent is one authorized by statute and the statute so requires - - by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h) (emphasis added). In either circumstance, service of process on a corporation registered to do business in New York State may be effected by serving the office of New York's Secretary of State, in accordance with section 303 of New York's Limited Liability Company Law, which designates

> the secretary of state as agent of a domestic limited liability company or authorized foreign limited liability company [upon whom service] shall be made by personally delivering to and leaving with the secretary of state or his or her deputy . . . at the office of the department in the city of Albany, duplicate copies of such process together with the statutory fee.

Limited Liab. Co. L. § 303(a); <u>see</u> N.Y. C.P.L.R. § 311-a.

Plaintiff served defendant at the office of New York's Secretary of State on November 30, 2009. <u>See</u> Affidavit of Service, D.E. # 2. Accordingly, plaintiff has satisfied its obligation to serve process upon defendant. <u>See</u> <u>Trini Realty Corp. v. Fulton Center LLC</u>, 861 N.Y.S.2d 743, 744 (2d Dep't 2008) (process server's affidavit created presumption that service upon defendant LLC was effected by delivery to Secretary of State); <u>see also</u> <u>West</u>

Coast Realty Servs., Inc. v. Holness, No. 25460/05, 2007 WL 2192825, at *2 (N.Y. Sup. Ct. Aug. 1, 2007).

## II. Entry of Default

Before moving for a default judgment under Rule 55(b), a party must first secure an "entry of default" from the Clerk of the Court under Rule 55(a). See Am. Alliance Co. v Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996); see also New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (Rule 55 provides a two-step process for obtaining a default judgment, of which the first step is obtaining the clerk's entry of default). Plaintiff moved for entry of default judgment on April 6, 2010, see First Motion, and the Clerk of the Court entered a notation of default against defendant on April 8, 2010. See Notation of Default, D.E. #4. Accordingly, plaintiff has properly served defendant and secured the requisite entry of default pursuant to Rule 55(a).

## III. Liability

Even after properly serving a defendant and obtaining an entry of default, a plaintiff seeking a default judgment must set forth facts sufficient to state a legitimate cause of action. See Chanel, Inc. v. Schwartz, No. 06-CV-3371 (BMC)(JO), 2007 WL 4180615, at *3 (E.D.N.Y. Nov. 19, 2007); Agamede Ltd. v. Life Energy & Tech. Holdings, Inc., No. 04-CV-2985 (SMG), 2007 WL 201167, at *1 (E.D.N.Y. Jan. 23, 2007); see also 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688, at 63 (3d ed. 1998) ("Even after default, however, it remains for the court to consider whether the unchallenged facts

constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

A sufficient pleading in federal court consists of "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This rule requires more than a "formulaic recitation of the elements of a cause of action," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted); rather, a pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citation omitted). If the facts are thus well pleaded, the Court assumes their veracity and determines whether such allegations "plausibly give rise to an entitlement to relief." Id. at 1950.

As part of its submissions, plaintiff included the reverse side of a FedEx Airbill, which outlines its terms and conditions for shipments. See Second Motion, Ex. B. The Airbill states that "[b]y giving [FedEx a] package to deliver, you agree to all the terms on [the] Airbill . . . ." Id. It is well settled that airbills constitute contracts for the carriage of goods.[2] See DHL Express (USA), Inc. v. Joymic Corp., No. 06 CV 3434(DLI)(MDG), 2007 WL 4054662, at

---

[2] The contract at issue does not contain a choice-of-law provision. See Second Motion, Ex. B. The Court applies New York law, on the reasonable assumption that, at the very least, a portion of the shipments in question were shipped from defendant's office in New York. See Restatement (Second) of Conflict of Laws § 197 ("The validity of a contract for the transportation of passengers or goods and the rights created thereby are determined, in the absence of an effective choice of law by the parties, by the local law of the state from which the passenger departs or the goods are dispatched. . . ."); In re Koreag, Controle et Revision S.A., 961 F.2d 341, 350 (2d Cir. 1992) ("The federal common law choice-of-law rule is to apply the law of the jurisdiction having the greatest interest in the litigation.").

*2 (E.D.N.Y. Nov. 14, 2007) (citing Sompo Japan Ins. Co. of America v. Union Pacific R.R. Co., 456 F.3d 54, 56 n. 4 (2d Cir.2006); St. Paul Fire & Marine Ins. Co. v. Schneider Nat'l Carriers, Inc., No. 03 CIV 5197, 2006 WL 522455, at *2 (S.D.N.Y. Mar.3, 2006)); see also Owens-Corning Fiberglas Corp. v. U.S. Air, 853 F.Supp. 656, 665 (E.D.N.Y. 1994). As defendant has not responded to plaintiff's complaint, nor appeared in this action, no objections to the account summary or the sample Airbill have been proffered. Thus, plaintiff has set forth a prima facie case and is entitled to relief on its breach of contract claim.

**IV. Damages**

The Court must next consider the appropriate measure of damages to be awarded plaintiff. By defaulting, a defendant admits to all well-pleaded allegations, except those pertaining to damages. See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Traffic Sports USA, Inc. v. Segura, No. 06-3360 (RJD)(CLP), 2008 WL 4890164, at *5 (E.D.N.Y. Nov. 12, 2008). The Court must make a separate, reasoned determination of damages, which may, but need not, include a hearing. See Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989); see also J & J Sports Prods., Inc. v. Arhin, No. 07- 2875(SJ), 2009 WL 1044500, at *4 (E.D.N.Y. Apr. 17, 2009). In default cases, "where the plaintiff has filed reasonably detailed affidavits and a memorandum of law pertaining to the damages requested . . . and the defendant has failed to make an appearance in the case, the Court can make an informed recommendation regarding damages without an evidentiary hearing." Traffic Sports, 2008 WL 4890164, at *5. Moreover, when the claim for damages is based upon an account "made up and rendered" to the defendant, who failed to make a timely objection, "his silence will be construed into an

acquiescence in its justness, and he will be bound by it as if it were a stated account."MRC Indus., Inc. v. Global Therapy Sys., LLC, No. 06-CV-3633 (JS)(WDW), 2009 WL 2461106, at *2 (E.D.N.Y. Aug. 7, 2009) (quoting, *inter alia*, Tom Rice Buick-Pontiac v. Gen. Motors Corp., 551 F.3d 149, 157 (2d Cir. 2008)).

The documentary evidence submitted by plaintiff supports the damages sought. Although only a summary of the invoices was submitted to the Court, see Second Motion, Ex. A, this Statement of Account adequately details the invoices for shipping services provided to defendant. See DHL Express, 2007 WL 4054662, at *3 (collecting cases and explaining that a summary invoice list may be properly considered by the court pursuant to Fed. R. Evid. 1006). Plaintiff declares that these invoices have remained unpaid since the services were rendered to defendant, and has furnished the Court with its calculations for the unpaid account. See Second Motion, Ex. A. The Court thus concludes that plaintiff's claim for damages is sufficiently substantiated, and respectfully recommends that plaintiff be awarded $137,894.91, along with prejudgment interest as outlined below.

## V. Interest

The instant breach of contract claim entitles the plaintiff to prejudgment interest pursuant to N.Y. C.P.L.R. § 5001. See Baer v. Anesthesia Assocs. of Mount Kisco, 870 N.Y.S.2d 92, 93 (2d Dep't 2008); Nuera Commc'ns Inc. v. Telron Commc'ns USA, Inc., No. 00 Civ.9167(RMB)(FM), 2002 WL 31778796, at *3 (S.D.N.Y. Nov. 15, 2002). New York law provides for recovery of prejudgment interest computed "from the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001(b); see, e.g., MRC Indus., 2009 WL

2461106, at *4.  "Where damages were incurred at various times . . . the Court has discretion to choose a reasonable accrual date." Blue v. Finest Guard Servs., Inc., No. 09 CV 133(ARR), 2010 WL 2927398, at *12 (E.D.N.Y. June 24, 2010).  "The median date between the two poles represented by the earliest breach of contract and the date this action was filed is one that is commonly used." Perero v. Food Jungle, Inc.,No. 05 CV 4347 JG, 05 CV 5169 JG, 05 CV 5170 JG., 2006 WL 2708055, at *8 (E.D.N.Y. Aug. 7, 2006) (citation and quotation omitted).

As specified in plaintiff's credit terms, the parties here agreed that payment was due within fifteen days of the invoice date.  See Second Motion Ex. B. The first breach of contract, therefore, occurred on February 3, 2009, fifteen days after the date of the first invoice.  Id. The last breach occurred fifteen days after the final invoice, i.e., July 21, 2009.  Id.  However, since the invoice amounts from April 2009 onward were substantially smaller than those of the previous invoices,[3] the exact median is not the most "reasonable accrual date." Blue, 2010

---

[3]  The invoice dates and the associated breach of contract dates are as follows:

| Invoice Date | Invoice Amount | Breach of Contract Date |
|---|---|---|
| 1/19/2009 | $12,271.39 | 2/3/2009 |
| 1/26/2009 | $14,047.93 | 2/10/2009 |
| 2/2/2009 | $7,880.88 | 2/17/2009 |
| 2/9/2009 | $8,881.43 | 2/24/2009 |
| 2/16/2009 | $11,037.80 | 3/3/2009 |
| 2/23/2009 | $12,514.77 | 3/10/2009 |
| 3/2/2009 | $10,945.15 | 3/17/2009 |
| 3/9/2009 | $12,485.60 | 3/24/2009 |
| 3/16/2009 | $11,422.46 | 3/31/2009 |
| 3/20/2009 | $46.78 | 4/4/2009 |
| 3/23/2009 | $15,724.76 | 4/7/2009 |
| 3/24/2009 | $82.64 | 4/8/2009 |

(continued…)

WL 2927398, at *12. Accordingly, the Court respectfully recommends that prejudgment interest begin to accrue as of March 17, 2009, the median date between the breach of contract dates from February 3, 2009 through April 28, 2009, the period with the greater invoice amounts.

Absent any contractual provision specifying otherwise, prejudgment interest should be calculated using New York's nine percent (9%) per annum statutory interest rate, see N.Y. C.P.L.R. § 5004, for the period through entry of judgment. Therefore, prejudgment interest should be calculated at nine percent commencing March 17, 2009, through the entry of judgment.

## VI. Costs

Finally, the Court has reviewed plaintiff's costs of $440.00, which consist of the court filing fee of $350.00 and a $90.00 expense for service of process, and finds them to be reasonable.

## **CONCLUSION**

For the foregoing reasons, it is the recommendation of this Court that plaintiff be awarded the principal amount of $137,894.91, plus prejudgment interest, calculated as

---

[3](…continued)

| | | |
|---|---|---|
| 3/30/2009 | $10,500.61 | 4/14/2009 |
| 4/6/2009 | $8,173.64 | 4/21/2009 |
| 4/13/2009 | $1,729.95 | 4/28/2009 |
| 4/20/2009 | $67.27 | 5/5/2009 |
| 4/27/2009 | $37.99 | 5/12/2009 |
| 5/4/2009 | $23.55 | 5/19/2009 |
| 6/22/2009 | $13.00 | 7/7/2009 |
| 7/6/2009 | $7.31 | 7/21/2009 |

specified herein, along with costs in the amount of $440.00.

Any objections to the recommendations contained in this Report and Recommendation must be filed with Judge Dora L. Irizarry on or before August 26, 2010. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to enter this Report and Recommendation into the ECF system and to transmit a copy, via Federal Express, to defendant at 3002 48th Avenue, Long Island City, NY 11101-3401.

**SO ORDERED**

**Dated:   Brooklyn, New York**
**August 9, 2010**

ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE